# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS-CONTI,<br><br>Plaintiff,<br><br>v.<br><br>M. CATES, et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:10-cv-1852-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER TRANSFER OF CASE TO EASTERN DISTRICT<br><br>(ECF No. 22) |

Plaintiff Graham Roger-Lee De-Luis-Conti ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated the instant action by filing a complaint in the Northern District of California on November 19, 2008. (ECF No. 1.) When Plaintiff filed his Second Amended Complaint on September 9, 2010, he was housed at the California Substance Abuse Treatment Facility ("CSATF") at Corcoran. The Second Amended Complaint alleges that Plaintiff was transferred from Salinas Valley State Prison to CSATF in retaliation for exercising his right to file a lawsuit. He also alleges that the conditions at CSATF violate his constitutional rights. On September 30, 2010, the Northern District ordered that Plaintiff's case be transferred to the Eastern District because the events complained of in the Second Amended Complaint occurred in the Eastern District and the Defendants are located in the Eastern District. (ECF No. 16.)

Plaintiff now moves for the Court to reconsider the Northern District's transfer order. Plaintiff alleges that a substantial portion of the events took place in the Northern District

1  and that Defendants who have yet to be named reside in the Northern District. Plaintiff
2  alleges that, based on these facts, venue was proper in the Northern District.
3        The Court has reviewed the Second Amended Complaint and disagrees with
4  Plaintiff's assessment that the majority of the events occurred in the Northern District.
5  Plaintiff complains only of the conditions at CSATF,[1] which is located on the Eastern
6  District. The only event that possibly occurred in the Northern District was the litigation that
7  Plaintiff claims prompted his retaliatory transfer. In the context of all of the claims in the
8  Second Amended Complaint, the initiation of litigation while imprisoned at a facility in the
9  Northern District is inadequate to make venue proper there. See 28 U.S.C.§ 1391(b)
10 (venue is proper where a "substantial part" of the events at issue occurred). Moreover, the
11 fact that Plaintiff may amend his complaint at some time in the future to name Defendants
12 that live in the Northern District does not make venue proper there at the present time.
13       Accordingly, Plaintiff's Motion to Reconsider is DENIED.
14
15 IT IS SO ORDERED.
16 Dated:   November 8, 2010      /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that prior versions of Plaintiff's Complaint included additional events that occurred at Salinas Valley. (See ECF No. 1.) However, Plaintiff failed to include these claims in his Second Amended Complaint, and an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Thus, any claims not included in the Second Amended Complaint are not currently before the Court.