1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GRAHAM ROGER LEE DE LUIS CONTI,

Plaintiff,

v.

M. CATES, et al.,

Defendants.

_____/

CASE NO.    1:10-cv-01852-LJO-MJS (PC)

FINDINGS AND RECOMMENDATIONS
DENYING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

(ECF NO. 35)

FOURTEEN (14) DAY DEADLINE

I.    **PROCEDURAL HISTORY**

        Plaintiff Graham Roger Lee De Luis Conti, a state prisoner incarcerated at the

California Substance Abuse and Treatment Facility ("CSATF"), is proceeding pro se

and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

(Complaint, ECF No. 1.) Plaintiff has declined to consent to Magistrate Judge

jurisdiction. (Req. for Reassignment, ECF No. 20.) This matter proceeds on Plaintiff's

Fourth Amended Complaint (Fourth Amended Complaint, ECF No. 33), which has not

yet been screened by the Court.

Before the Court is Plaintiff's Motion for Temporary Restraining Order. (Motion, ECF No. 35.) Plaintiff claims unnamed corrections staff at CSATF have caused the loss or destruction of unspecified personal property including  legal documents, materials and evidence relating to this action. (Motion at 5). He asks the Court take unspecified immediate action to enable this case to proceed in a proper and timely manner and to prevent further irreparable harm. (Motion at 6.) Defendants have not filed any opposition and the time for doing so has passed. Local Rule 230. Plaintiff's Motion is now before the Court.

## II.   **ARGUMENT**

Plaintiff, a paraplegic permanently dependent upon a wheelchair, alleges in his Fourth Amended Complaint that during his confinement at CSATF and other facilities he has been subjected to unconstitutional conditions of confinement including overcrowding and lockdowns, medical indifference, disability and gender discrimination, failure to accommodate his disability, improper handling of his inmate requests and grievances, improper handling of his legal mail, and retaliation. (Fourth Amended Complaint at 3-19.) He seeks monetary and injunctive relief. (Id. at 21-23.) He names as Defendants M. Cates, Director of the California Department of Corrections and Rehabilitation (CDCR), Evans, Warden of Salinas Valley State Prison (SVSP), Allison, Warden of CSATF, Governor Schwartzenneger, and Does 1-10. (Id. at 2-3.)

In the instant Motion, Plaintiff alleges that during November-December 2011, CSATF staff retaliated against him for filing this action by placing him in Ad-Seg (ostensibly due to a lack of available bed space elsewhere) and thereby causing him to be deprived of, and ultimately to lose, unspecified personal property including improperly inventoried

legal documents, materials and evidence relating to this action. (Motion at 2-3, 5-6.) His inmate requests and appeals related to these losses were ignored or improperly rejected. (Id. at 2-4). He believes he was placed in Ad-Seg so that CSATF staff could search and remove certain legal documents without any penological justification. (Id. at 4-5.)

He alleges the loss of his legal documents, evidence, and contracts has irreparably harmed him. (Id. at 5-6.) He asks that the Court take unspecified "immediate action in this matter . . . so that this case may proceed in a proper and timely manner, before [the Plaintiff] is subjected to further irreparable harm." (Id. at 6.)

## III.   **LEGAL STANDARDS**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at  22.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury

1
2
3

in fact, causation, and redressability constitutes the core of Article III's case-or controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 454 U.S. 464, 472 (1998).

4
5
6
7
8
9

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

10

**IV.    ANALYSIS**

11
12
13
14
15
16

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief. As noted, to succeed on such a motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Am. Trucking Ass'ns, Inc., 559 F.3d at 1052 (quoting Winter, 129 S.Ct. at 374).

17
18
19
20
21
22
23
24

Plaintiff has not established a likelihood of success on the merits on any claim. None of his claims have yet been found to be  cognizable under federal law.[1] As a result, the Court has no jurisdiction to award any preliminary injunctive relief at this time. Even if he had stated a cognizable claim and shown a likelihood of success thereon, the relief sought in his initial pleadings is distinct from the relief sought in this motion. The pleadings to date provide no basis for granting interim injunctive relief on the unrelated alleged wrongs described in this Motion.

25
26
27

---

[1] The Court has not yet screened the Fourth Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

For similar reasons, Plaintiff cannot establish the other three requirements for an injunction. Plaintiff has not shown that he will suffer an injury without the Court's intervention. Nothing before the Court suggests real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Indeed Plaintiff complains of an isolated **past** deprivation; one that already has occurred.  The Court can not enjoin something that has already taken place. Plaintiff also  fails to specify what injunctive relief he seeks or against whom it should be granted. The Court is left to speculate in these regards. Similarly, the absence of a showing of harm leaves nothing to tip the balance of equities in Plaintiff's favor.

As to the fourth element, while the public has an interest in seeing that everyone, including Plaintiff, receive federal protections legally due, the record before the Court does not justify the Court substituting its judgment for that of that of prison staff in these issues.

The mere pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's past deprivation of property issues. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1148-49 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to any viable legal claims upon which this action is proceeding. Summers, 129 S.Ct. at 1148-49; Mayfield, 599 F.3d at 969.  In the Court's experience, some disruption with property access may occur following a transfer to Ad-Seg, and absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled

to substantial deference); <u>Sandin v. Conner</u>, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

California Law generally provides Plaintiff with an adequate post-deprivation remedy for any unauthorized or negligent property loss. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).

## V.    CONCLUSION AND ORDER

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's Motion for Temporary Restraining Order (ECF No. 35) be DENIED without prejudice. These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    July 19, 2012                        /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

-6-