IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS-CONTI, | CASE No.   1:10-cv-1852-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT FIFTH AMENDED COMPLAINT |
| vs. | (ECF No. 40) |
| M. CATES, et al., | |
| Defendants. | |

I.   **PROCEDURAL HISTORY**

Plaintiff Graham Roger-Lee De-Luis-Conti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action in the Northern District of California, on November 19, 2008. (ECF No. 1.) It later was transferred to the Eastern District of California. (ECF No. 16.) Plaintiff has declined Magistrate Judge jurisdiction. (Decline Magistrate, ECF No. 20.)

Plaintiff filed several amended complaints prior to the Court screening his action. (ECF Nos. 17, 27, 33.) The Court screened Plaintiff's Fourth Amended Complaint (Fourth Am. Compl., ECF No. 33) on October 31, 2012 and dismissed it for

1  failure to state a claim, but gave leave to file an amended pleading. (Order Dismiss.
2  Fourth Am. Compl., ECF No. 38.) On December 3, 2012, Plaintiff filed a Fifth
3  Amended Complaint. (Fifth Am. Compl., ECF No. 39.) The Fifth Amended Complaint
4  has not yet been screened.
5    Plaintiff has now filed an Affidavit Statement of Fact. (Affidavit, ECF No. 40.) It
6  appears to constitute a request to supplement the Fifth Amended Complaint. The court
7  so construes it and denies it for the reasons set forth below.

8  **II.    APPLICABLE LAW**

9    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his
10 pleading once as a matter of course at any time before a responsive pleading is served.
11 Otherwise, a party may amend only by leave of the court, or by written consent of the
12 adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ . P.
13 15(a).
14    "Rule 15(a) is liberal and leave to amend shall be given when justice so
15 requires." Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir.
16 2006), quoting Fed. R. Civ. P. 15(a). Amended pleadings must be complete within
17 themselves without reference to another pleading. Partial amendments are not
18 permissible. Local Rule 220.

19 **III.   ANALYSIS**

20    Here, Plaintiff asks to file a supplement to his underlying pleading to include
21 allegations he feels should have been included. Plaintiff's supplement to the Fifth
22 Amended Complaint is deficient because it is not **complete in and of itself,** but instead
23 is dependent upon the underlying pleading.
24    Any pleading must contain "a short and plain statement of the claim showing that
25 the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations
26 are not required, but "[t]hreadbare recitals of the elements of a cause of action,
27 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
28 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

If Plaintiff intends the Affidavit as an exhibit to the Fifth Amended Complaint, he is advised that exhibits need not, and rarely should be, made part of a pleading. They may not, in any event, be filed separately. "The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court)." (First Informational Order, ECF No. 19 at ¶ 6.)

**IV.    ORDER**

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that Plaintiff's Affidavit Statement of Facts, construed as a request to supplement to the Fifth Amended Complaint (ECF No. 40) is DENIED.

IT IS SO ORDERED.

Dated:    December 21, 2012              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE