# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS CONTI,<br><br>Plaintiff,<br><br>v.<br><br>M. CATES, et al.,<br><br>Defendants. | **Case No. 1:10-cv-01852-LJO-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING FIFTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (1) WITH LEAVE TO AMEND CSATF CLAIMS AGAINST DEFENDANTS SCHWARZENEGGER, CATES, ALLISON AND DOES 1-10, and (2) WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE AS TO ALL OTHER CLAIMS AND DEFENDANT EVANS**<br><br>**(ECF No. 39)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Graham Roger-Lee De-Luis-Conti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The action was commenced in the Northern District of California on November 19, 2008 and later transferred to this Court. Plaintiff filed several amended complaints prior to the Court screening his action. The Fourth Amended Complaint was dismissed for failure to state a claim, but Plaintiff was given leave to amend. Plaintiff filed a fifth

1

amended complaint which the Court now screens.

For the reasons set forth below, the undersigned recommends the fifth amended complaint be dismissed for failure to state a claim, with leave to amend claims arising at the California Substance Abuse and Treatment Facility (CSATF) against Defendants Schwarzenegger, Cates, Allison and Does 1-10, and without leave to amend as to all other claims and Defendant Evans.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.     PLAINTIFF'S ALLEGATIONS

Plaintiff, a paraplegic in the custody of the California Department of Corrections and Rehabilitation (CDCR), is currently housed at the CSATF. Since his incarceration in 2001, Defendants former Governor Schwarzenegger, former CDCR Secretary Cates, former Salinas Valley State Prison (SVSP) Warden Evans, former CSATF Warden Allison, and Does 1-10 subjected him to overcrowding and extensive lockdowns, indifference to medical needs and conditions of confinement, discrimination based on disability and gender, denial of disability accommodation, denial of vocational training, retaliation, and interference with prison mail. These violations occurred at various CDCR facilities and violated his federal and state rights.[1]

Plaintiff specifically alleges that:

While at San Quentin State Prison, Duel Vocational Institution and SVSP, he was housed in non-ADA, overcrowded conditions, subjected to extensive lockdowns, denied appropriate yard access and proper clothing, denied transfer to an appropriate facility because of his disability, discriminated against (in his ability to purchase certain items) because of his gender, deliberately given improper medication, and denied a properly functioning wheelchair.

---

[1] Plaintiff alleges he has been incarcerated at San Quentin State Prison, Duel Vocational State Prison, SVSP, Corcoran State Prison, and CSATF.

He has not received any rehabilitation and vocational training.

Staff at SVSP interfered with his confidential and legal mail, falsified mail, and retaliated against him (for filing accommodation requests) by housing him in an overcrowded, non-ADA gym proximal to large fans, causing him serious health problems. SVSP doctors Lee and Grillo gave Plaintiff the wrong treatment and medication.[2]

Staff at CSATF retaliated against him for filing this litigation by housing him in an overcrowded, unsanitary, non-ADA gym, depriving him of amenities available to others and exposing him to extremes of hot and cold weather. CSATF staff disposed of his broken wheelchair upon its replacement to prevent Plaintiff from presenting the broken wheelchair to the Court. CSATF doctor Onyeje knowingly prescribed the wrong medication and failed to explain side-effects, causing serious pain.[3]

Staff at SVSP and CSATF failed to timely deliver a medically prescribed seat for Plaintiff's wheelchair.

Plaintiff seeks monetary damages; an order that the CDCR reduce the prison population to single cell occupancy, provide appropriate medical care, stop retaliation, stop disability and gender discrimination, repatriate desirous inmates who like Plaintiff are foreign nationals, re-open closed vocational programs, close or re-fit all gyms dormitories, provide for timely receipt of medical appliances and for confidentiality of mail, and provide him with copies of his legal documents should he be transferred.

**IV.   THE FIFTH AMENDED COMPLAINT FAILS TO STATE A CLAIM - LEAVE TO AMEND APPROPRIATE ONLY FOR CSATF CLAIMS AGAINST DEFENDANTS SCHWARZENEGGER, CATES, ALLISON AND DOES 1-10**

**A.   Dismissal of Unrelated Claims Pursuant to Rule 18**

Plaintiff asserts claims arising at various CDCR facilities over an 11 year period. Fed. R. Civ. P. 18(a) states: "[a] party asserting a claim to relief as an original claim,

---

[2] SVSP Drs. Lee and Grillo are not named defendants in this action.
[3] CSATF Dr. Onyeje is not a named defendant in this action.

4

counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." However, unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff's fifth amended complaint, like his fourth amended complaint, alleges unrelated claims involving distinct incidents at distinct CDCR facilities and, as such, violates Rule 18(a).[4] Plaintiff was advised in the previous screening order that such amassing of unrelated claims is not permissible and would result in dismissal of unrelated claims. So it shall be.

All claims not arising at CSATF and all claims against Defendant former SVSP warden Evans should be dismissed from this action, without prejudice, pursuant to Rule 18.

**B.   Failure to Link Supervisory Defendants**

Plaintiff claims supervisory Defendants are responsible for the alleged violations because they decide controlling rules, regulations and policies. However, a § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an

---

[4] Claims against prison personnel at different facilities are generally unrelated, and Plaintiff alleges nothing to suggest the claims might conceivably be related.

actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

Plaintiff does not connect or "link" supervisory Defendants to the alleged rights violations. Plaintiff does not allege his rights were violated as a result of a decision by CDCR and its policymaking officials or a persistent and widespread CDCR practice. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). Nor does Plaintiff explain how these individuals personally acted or failed to act so as to violate his rights.

If Plaintiff chooses to amend, he should provide factual detail demonstrating which supervisory Defendants did or did not do what, when, and why and how his rights were violated.

### C. No Federal Rights Violation[5]

Plaintiff re-alleges claims asserted in the fourth amended complaint. These claims remain deficient for the reasons stated in the previous screening order. The deficiencies and the corrections needed are again discussed below.

#### 1. Indifference – Conditions of Confinement and Failure to Protect

Plaintiff claims Defendants have been indifferent to and failed to protect him from overcrowded conditions, extensive lockdowns, and denial of yard access and have not provided him with proper clothing, rehabilitation and vocational training. The Eighth Amendment protects prisoners from inhumane methods of punishment and from

---

[5] The Court need not address the viability of state law negligence and spoliation of evidence claims because the Court will not exercise supplemental jurisdiction over state law claims absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). If failure to protect is alleged, the defendant must have had a reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Here Plaintiff does not explain the nature, extent and duration of risk presented; demonstrate any of the Defendants knew of and disregarded such risk or were able to and failed to protect him; and how he was harmed.

Plaintiff does not state what additional accommodations were required by him, why, whether he requested same and, if so, whether and how Defendants responded, and what reason was given for their response. Plaintiff also fails to allege he suffered any harm as a result of the absence of accomodation.

Mere allegations of overcrowding, Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989), lockdowns, Pepperling v. Crist, 678 F.2d 787, 789 (9th Cir. 1982), and lack of outdoor exercise, Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979), amended by 135 F.3d 1318 (9th Cir. 1998), do not alone demonstrate a constitutional violation. "Idleness and the lack of [vocational and rehabilitative] programs" do not violate the Eighth Amendment. See Toussaint, 801 F.2d

at 1106-08. The lack of such programs alone likewise does not state a federal claim.

If Plaintiff chooses to amend, he should state facts identifying a serious risk of harm and the accommodation at CSATF he deems necessary and specifically identify the Defendants, whether named or unknown, whose personal acts or omissions resulted in the alleged violation of Plaintiff's federal rights, causing harm.

### 2. Retaliation

Plaintiff claims Defendants retaliated for his filing this litigation by housing him in an overcrowded, unsanitary, non-ADA gym, depriving him of amenities available to others and exposing him to extremes of hot and cold weather.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff has not alleged facts suggesting, even circumstantially, his protected conduct was a "substantial or motivating factor behind the defendant's conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir.2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989), and the absence of a penological purpose.

If Plaintiff chooses to amend, he should state facts demonstrating that named Defendants at CSATF retaliated against him for having engaged in protected conduct, that there was no penological justification for their action and that he suffered harm as a result.

### 3. Discrimination and Failure to Accommodate

Plaintiff claims Defendants discriminated against him because of his disability and gender, denying him accommodation, transfer to an appropriate facility, and purchase of certain personal items.

a. Equal Protection

A Fourteenth Amendment discrimination claim requires Plaintiff show he was intentionally discriminated against because he is male, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that he was treated differently (disparately) from those similar to him for no valid purpose. Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601–02 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not demonstrate Defendants intentionally discriminated against him at CSATF based on his gender, or treated him differently from similarly situated inmates without valid penological purpose. That female inmates may be allowed to purchase items different from and additional to those available for purchase by male inmates does not alone suggest Defendants' intent to discriminate against males or preclude some other explanation. Conjecture is not a basis for a federal claim.

Nor does Plaintiff demonstrate he was treated differently from others like him without valid penological purpose.[6] It is unclear how he identifies inmates thought to be similarly situated, and why he believes such inmates were treated differently from him without any valid penological justification.

If Plaintiff chooses to amend, he should state facts demonstrating named Defendants' intentional discrimination or that named Defendants treated him unjustly and differently from similarly situated inmates at CSATF, causing harm.

b. ADA

A failure to accommodate claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, requires a showing Plaintiff has been "improperly excluded from

---

[6] "Because the disabled do not constitute a suspect class for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be rationally related to legitimate legislative goals to pass constitutional muster." Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008), citing Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001).

participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). Lack of treatment for Plaintiff's medical condition is not a basis for an ADA claim. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff does not provide facts suggesting that named Defendants participated in, or were otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him at CSATF, by reason of his disability. Plaintiff does not provide his classification and chrono status or basis for entitlement to facility transfer. No facts suggest why and how named Defendants denied him appropriate accommodation and transfer because of his disability.

If Plaintiff chooses to amend, he should set forth sufficient facts suggesting named Defendants excluded him from participation in or otherwise discriminated against him with regard to CDCR services, programs, or activities at CSATF by reason of his disability, causing harm.

4. Interference with Mail

Plaintiff claims Defendants interfered with and falsified his confidential and legal mail. While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995); Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005), citing Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff claims possible interference and falsification, by unnamed individuals as

to unspecified mail alleged to be confidential and legal. No harm or injury attributed to named Defendants is alleged. Plaintiff does not explain the nature and extent of interference with his mail at CSATF, what reason prison officials gave for the interference, whether the alleged interference conforms with facility practice and prison regulations, and harm caused.

Plaintiff should note that mere opening and visually inspection of legal and non-legal correspondence does not alone state a federal claim. Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996); Samonte v. Maglinti, 2007 WL 1963697, at *5 (D.Hawai'i July 3, 2007) (whether legal mail may be opened outside the inmate's presence is an open question in the Ninth Circuit).

It is also unclear whether Plaintiff alleges his outgoing mail is being censored. Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned in part by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). Here the facts alleged are insufficient to determine whether Plaintiff can state such a claim.

Finally, it is unclear whether Plaintiff's "legal" mail is in issue. A prison need not treat all mail sent to government agencies and officials as legal mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996). Plaintiff must allege facts sufficient for the Court to determine a basis for finding the mail at issue to be legal mail.

If Plaintiff chooses to amend, he should explain in reasonable detail how named Defendants violated his First Amendment rights at CSATF.

        5.    <u>Indifference – Medical Needs</u>

Plaintiff claims Defendants deliberately provided improper medication and treatment. Specifically, he suggests Defendants gave him a defective wheelchair, failed to disclose side effects of medications, and delayed delivery of a prescribed seat for his

wheelchair.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Where a delay in treatment is alleged, the plaintiff must show delay led to further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. The delay only rises to a constitutional violation if it caused the prisoner "substantial harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Misdiagnosis and/or negligent treatment, if such occurred, would not be sufficient to show indifference. See Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06 (mere 'indifference,' 'negligence,' or 'medical malpractice' will not support medical indifference claim).

Plaintiff states his belief, unsupported by any facts, that named Defendants provided "wrong" and "improper" and negligent treatment. This is not sufficient to state a federal claim.

If Plaintiff chooses to amend, he should demonstrate with facts that named Defendants knowingly denied, delayed, or interfered with a response to his serious medical need or provided unacceptable medical treatment.

### 6. Injunctive Relief

Plaintiff seeks an order for broad institutional relief, to benefit him and other inmates, relating to the above claims.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22

1  (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of
2  success on the merits and the possibility of irreparable injury, or (2) the existence of
3  serious questions going to the merits and the balance of hardships tipping in [the
4  moving party's] favor." <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>,
5  762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> <u>Apple Computer, Inc. v. Formula</u>
6  <u>International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); <u>see also</u> <u>City of Los Angeles v.</u>
7  <u>Lyons</u>, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of
8  injury). Requested relief must be narrowly drawn and the least intrusive means
9  necessary to correct the violation. 18 U.S.C. § 3626(a)(1)(A).

10  Plaintiff has not stated any cognizable federal claim, or threat or hardship
11  therefrom against named Defendants for the reasons stated above. He may not seek
12  relief on behalf of other inmates. <u>Halet v. Wend Inv. Co.</u>, 672 F.2d 1305, 1308 (9th Cir.
13  1982), <u>citing</u> <u>Duke Power Co. v. Carolina Environmental Study Group</u>, 438 U.S. 59, 80
14  (1978) (party must assert [his] own rights not those of third parties); <u>accord</u>, <u>Warth v.</u>
15  <u>Seldin</u>, 422 U.S. 490, 499 (1974). Plaintiff has not shown he needs and is entitled to
16  injunctive relief.

17  If Plaintiff chooses to amend, he should allege facts showing a likelihood of or
18  serious questions as to the merits, as against named Defendants, and the need for
19  specific, immediate injunctive relief to avoid hardship and injury.

20  **V.    LEGAL CONCLUSIONS AND RECOMMENDATIONS**

21  The fifth amended complaint fails to state any federal claim. Claims not arising at
22  CSATF and Defendant Evans should be dismissed from this action without prejudice
23  pursuant to Rule 18. Plaintiff should be allowed to amend claims arising at CSATF
24  against Defendants Schwarzenegger, Cates, Allison, and Does 1-10.

25  Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED
26  that the fifth amended complaint be dismissed for failure to state a claim, with leave to
27  amend only claims arising at CSATF against Defendants Schwarzenegger, Cates,
28  Allison and Does 1-10, and without leave to amend and without prejudice as to all other

claims and Defendant Evans.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  November 1, 2013             /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE